**UNITED STATES of America**

v.

**DeLEO, Joseph.**

**Appeal of Joseph DeLEO.**

No. 80–2540.

United States Court of Appeals, Third Circuit.

Argued March 18, 1981.

Decided March 27, 1981.

Gilbert J. Scutti, (argued), Marroletti, Dickstein & Scutti, Philadelphia, Pa., for appellant.

Peter F. Vaira, U. S. Atty., Walter S. Batty, Jr., Asst. U. S. Atty., Chief, Appellate Section, Robert E. Welsh, Jr. (argued), Asst. U. S. Atty., Philadelphia, Pa., for appellee.

Before ALDISERT and HIGGINBOTHAM, Circuit Judges, and STERN, District Judge.*

## OPINION OF THE COURT

PER CURIAM.

The question for decision is whether the district court erred when it "corrected" appellant's sentence, substituting a fine of $5,000 for payment of restitution in the same amount. We conclude that the amendment was unauthorized, and therefore we will vacate the judgment and remand for further proceedings.

Appellant Joseph DeLeo pleaded guilty to five counts of a thirty-five count indictment, pursuant to a plea agreement presented to the district court under Fed.R. Crim.P. 11(e). Appellant pleaded guilty to counts charging unauthorized possession of food stamps (7 U.S.C. § 2024(b)) and forgery (18 U.S.C. § 495). On May 29, 1980, the court sentenced DeLeo to six months imprisonment and to probation for four and one-half years, on condition that he pay restitution in the amount of $5,000.

On August 25, 1980, DeLeo moved the district court pursuant to Fed.R.Crim.P. 35 to correct, reduce, or vacate his sentence. He did not contest the imprisonment or probation, nor did he challenge the court's authority to require payment of restitution. He contended only that the restitutionary order was unauthorized because $5,000 exceeded the "actual damages or loss caused by the offense for which conviction was had." 18 U.S.C. § 3651. The United States answered DeLeo's motion by admitting every allegation and averring that the actual loss caused by the crimes for which DeLeo was convicted totalled $3,081.[1] It acknowledged that the sentence should be amended to order restitution in that amount. *See United States v. Buechler,* 557 F.2d 1002,

1007–08 (3d Cir. 1977). DeLeo thereafter filed a Supplemental Memorandum of Law challenging the government's computations and suggesting that the United States "be required to prepare an accurate accounting of the actual amount lost in this case and by whom."

By an order dated September 23, 1980, which purported to correct the judgment pursuant to Fed.R.Crim.P. 36, the district court amended DeLeo's sentence by deleting the paragraph that ordered payment of $5,000 restitution and substituting a new paragraph imposing a fine in the same amount. This appeal followed.

■ The principle of finality underlies the rule that a court may not substantively alter a judgment without specific authorization. *See, e. g., United States v. DiFrancesco,* —— U.S. ——, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980); *United States v. Scott,* 437 U.S. 82, 84–85, 98 S.Ct. 2187, 2190, 57 L.Ed.2d 65 (1978). Neither Rule 36 nor Rule 35 of the Federal Rules of Criminal Procedure authorizes the court's order, and we are unable to discover any other source of the necessary authority. Rule 36, on which the lower court relied, provides: "Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders." The court did not correct a clerical mistake or an error in the record. The record demonstrates that the judgment of sentence signed by the trial judge accurately reflects the judgment he pronounced in open court. *Compare United States v. Marquez,* 506 F.2d 620 (2d Cir. 1974); *Kennedy v. Reid,* 249 F.2d 492 (D.C.Cir.1957). Rule 36 applies only to clerical mistakes and errors in the record; it does not authorize substantive alteration of a final judgment. *See United States v. Marchese,* 341 F.2d

---

* Honorable Herbert J. Stern, of the United States District Court for the District of New Jersey, sitting by designation.

1. Count 1 charged appellant with knowingly acquiring a total of $955.00 worth of food stamps in a manner not authorized by law; Count 2, $385.00; Count 3, $310.00. Count 34 charged appellant with forging endorsements on food stamp redemption certificates for the purpose of receiving $731.00 from the government; Count 35, $700.00. Thus, the total loss to the United States Department of Agriculture charged in the relevant counts of the indictment was $3,081.00.

782, 788 (9th Cir.), *cert. denied*, 382 U.S. 817, 86 S.Ct. 41, 15 L.Ed.2d 84 (1965); 2 C. Wright, Federal Practice and Procedure § 611 (1969).

 Rule 35, cited in DeLeo's motion for correction of sentence, provides that "[t]he court may correct an illegal sentence at any time" and may reduce a sentence or "correct a sentence imposed in an illegal manner" within 120 days after it is imposed. Neither party suggests that the original sentence was illegal, but both agree that it was imposed in an illegal manner because it required payment of restitution in an amount greater than the actual loss. *See* Notes of the Advisory Committee on Rules, 18 U.S.C.A. following Fed.R.Crim.P. 35, page 344. When a defendant moves for correction of sentence under Rule 35, fairness demands that the district court's authority to "correct" be limited to correction of the illegality. Otherwise, a defendant may be deterred from calling the court's attention to an error for fear of subjecting himself to greater punishment.[2] We hold, therefore, that the district court abused its discretion by imposing a fine on the defendant when the only issue before it was the proper amount of restitution.[3]

The judgment will be vacated and the case remanded for determination of the actual damages or loss caused by the offenses for which DeLeo was convicted, 18 U.S.C. § 3651, and entry of an appropriate order under Rule 35.

2. We note that the amounts charged in the relevant five counts of the indictment amounted to $3,081.00. *See* note 1, *supra*. We note further that appellant did not challenge the amount of restitution at sentencing. Had the issue been then raised, it is reasonable to expect that the district judge would have had the necessary information at the time sentence was imposed.

Unlike the facts in the present case where the amount of restitution ordered exceeded the totals contained in the indictment, it would appear that where the amount of restitution at sentencing is no greater than that set forth in the indictment, failure of a defendant to object at sentencing could be deemed as a waiver of objection to the amount of restitution.

3. Appellant also argues that an increase in his sentence after he has begun to serve it violates the double jeopardy prohibition of the fifth amendment to the United States Constitution. It is not necessary to consider that argument in this case. We need not rely on constitutional doctrine to hold illegal an unauthorized order substantively altering a final judgment in a criminal case.