

1997 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-23-1997

# United States v. Davis

Precedential or Non-Precedential:

Docket 96-1721

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1997

Recommended Citation

"United States v. Davis" (1997). *1997 Decisions.* Paper 88.
http://digitalcommons.law.villanova.edu/thirdcircuit_1997/88

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1997 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 96-1721
_____


UNITED STATES OF AMERICA,

Appellee,

vs.

BARRY DAVIS, a/k/a "MARK JOHNSON",


Appellant.

_____

Appeal from the Judgment of Sentence by the United States
District Court for the Eastern District of Pennsylvania
(Criminal No. 92-218)
District Judge: James McGirr Kelly

_____

Argued
February 7, 1997
Before: STAPLETON and MANSMANN, Circuit Judges,
RESTANI, Judge, Court of International Trade.[*]

(Filed April 23, 1997)

_____

[*] Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.

Mark S. Greenberg, Esquire [Argued]
Stephen Robert LaCheen & Associates
225 South 15th Street
3100 Lewis Tower Building
Philadelphia, Pennsylvania 19102
        Attorney for Appellant.

Eric W. Sitarchuk, Esquire
United States Attorney
Walter S. Batty, Jr., Esquire
Assistant United States Attorney, Chief of Appeals
Sarah L. Grieb, Esquire [Argued]
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, Pennsylvania 19106-4476
        Attorneys for Appellee.

_____

OPINION OF THE COURT
_____

RESTANI, <u>Judge</u>.


    Barry Davis appeals the district court's finding of jurisdiction to resentence on a count related to the 18 U.S.C. § 924(c) conviction successfully challenged in Davis' 28 U.S.C. § 2255 motion.  In resentencing Davis, the district court vacated the 60 month sentence imposed for the § 924(c) conviction and, as required under the United States Sentencing Guidelines ("U.S.S.G.") § 2D1.1(b)(1), imposed a two level enhancement for possession of a firearm during a drug crime.  The district court also held that the resentencing did not violate Davis' due process rights.  We will affirm.

**I.**

2

Appellant, Barry Davis, was convicted after jury trial of: six counts of making false statements in connection with the acquisition of firearms, 18 U.S.C. § 922(a)(6); one count of possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1); one count of making an apartment available for drug distribution, 21 U.S.C. § 856; and one count of using a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c).  The district court originally sentenced Davis to a term of imprisonment of 123 months.  The sentence included a term of 63 months for the drug counts, 60 months for the false statement count, and 60 months for the § 924(c) count.  The terms for the drug and false statement counts were to be served concurrently, while the term for the § 924(c) count was to be served consecutively to the other terms.

Davis subsequently filed a motion under 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his sentence.  He claimed that his conviction under § 924(c)(1) for use of a firearm during a drug trafficking crime was inconsistent with the Supreme Court's ruling in Bailey v. United States, 116 S. Ct. 501 (1995).[1]  The district court agreed, vacated the § 924(c) conviction and ordered resentencing on the remaining counts.

---

[1]    The Supreme Court's decision in Bailey requires the government to prove "active employment" of a firearm to sustain a conviction under the use prong of section 924(c).  Bailey, 116 S. Ct. at 505.

3

On August 13, 1996, the district court held that it had jurisdiction to resentence Davis on the remaining unchallenged counts, finding support in both the language of § 2255 and the sentencing package doctrine. United States v. Davis, No. Crim. 92-218, Civ. 96-2540, 1996 WL 466940, at *2-3 (E.D. Pa. Aug. 13, 1996). As the Bailey decision invalidated Davis' § 924(c) conviction, the Sentencing Guidelines no longer barred application of a two level enhancement pursuant to U.S.S.G. § 2D1.1.[2] Id. As a result, Davis' offense level was raised from level 26 to level 28. Combined with a Criminal History Category I, this resulted in an imprisonment range of 78 to 97 months. The district court sentenced Davis to 95 months. The court noted that this would have been the result had Davis never been convicted of the § 924(c) charge at the time of the original sentencing. Davis, 1996 WL 466940, at *2.

Davis appeals the district court's judgment of sentence on two grounds: (1) the court lacked jurisdiction to resentence Davis on the unchallenged counts of his multicount conviction, and (2) resentencing Davis violated his due process rights. We

---

[2] This two level enhancement was not available at the time of original sentencing because the Sentencing Guidelines do not permit a § 2D1.1(b)(1) enhancement when a defendant is convicted on both a § 924(c) count and on an underlying drug count. U.S.S.G. § 2K2.4, Commentary Background. Applying the enhancement would have resulted in impermissible double counting, essentially punishing the defendant twice for possession of a firearm, once under § 924(c)(1) and once under U.S.S.G. § 2D1.1(b)(1). Id.

4

have jurisdiction to adjudicate this appeal pursuant to 28 U.S.C. § 1291. Review is plenary as to both issues. United States v. Barnhart, 980 F.2d 219, 222 (3d Cir. 1992); Zettlemoyer v. Fulcomer, 923 F.2d 284, 291 (3d Cir. 1991).

## II. Jurisdiction

The issue before the court is whether the district court had jurisdiction to recalculate the aggregate sentence when the petitioner's § 2255 motion successfully challenged only one of the underlying convictions, the § 924(c)(1) conviction. Two circuits have ruled that district courts have jurisdiction to resentence on the unchallenged but related drug counts following a successful § 2255 motion. United States v. Hillary, No. 96-7463, 1997 WL 61398, at *3 (4th Cir. Feb. 14, 1997)(finding jurisdiction under § 2255 to resentence because "sentence" is not a discrete, offense specific term but an aggregate); United States v. Smith, 103 F.3d 531, 534-535 (7th Cir. 1996) (finding jurisdiction under § 2255 by applying sentencing package doctrine); see also United States v. Binford, 1997 WL 91851 (7th Cir. Mar. 4 1997) (same). Based on the facts of this case, in which the petitioner collaterally attacks only one of his multiple convictions, which are interdependent for sentencing purposes, we find that the district court did not err in asserting jurisdiction to recalculate the aggregate sentence.

Davis argues that the court's resentencing jurisdiction does not apply to the unchallenged but related drug counts, as those

5

counts were not before the district court under the § 2255 motion. Davis further notes that while a district court may resentence on all counts when one count is challenged on direct appeal, the district court does not have the same authority to resentence on collateral attack. We find Davis' arguments unpersuasive.

> Section 2255 of Title 28 states:
> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> . . . If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and *shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate*.

28 U.S.C. § 2255 (emphasis added). The plain language of § 2255 does not support Davis' argument that in all circumstances, the court is limited in its resentencing options to only the count challenged in the motion. Instead, the plain language does not restrict the word "sentence" and authorizes the court to act "as may appear appropriate." Hillary, 1997 WL 61398, at *2. Thus, it confers upon the district court broad and flexible power in its actions following a successful § 2255 motion. See Andrews v.

6

United States, 373 U.S. 334, 339 (1963);  Woodhouse v. United States, 934 F. Supp. 1008, 1012 (C.D. Ill. 1996);  United States v. Rowland, No. 93-379-01, 1996 WL 524090, at *3 (E.D. Pa. Sept. 16, 1996).

While we do not read the language "correct the sentence" in § 2255 as narrowly as Davis does, that is, as limited to the portion of the sentence directly associated with the vacated conviction, some district courts apparently have held that they lack jurisdiction to resentence on the unchallenged convictions based on such language.  They have not rejected expressly, however, the holding that we make today, finding jurisdiction based on the interdependence of the counts for Guideline sentencing purposes.[3]

The interdependence of the vacated § 924(c) conviction and the remaining drug offenses suggests that resentencing on all counts is the only result consistent with the punishment prescribed by law.  Following a § 924(c) conviction, the law requires the imposition of a five year sentence to be served consecutively to any other term of imprisonment associated with an underlying drug count.  18 U.S.C. § 924(c)(1).  Thus, § 924(c) clearly contemplates an aggregate sentence some five years longer than that which would result from the underlying drug offense.

---

[3]    See, e.g., Warner v. United States, 926 F. Supp. 1387, 1398 & n.8 (E.D. Ark. 1996); Gardiner v. United States, Crim. No. 4-89-1269(1) Civ. No. 4-96-251, 1996 WL 224798, at *1 (D. Minn. May 3, 1996);  Rodriguez v. United States, 933 F. Supp. 279, (S.D.N.Y. 1996).

7

See Reyes v. United States, 944 F. Supp. 260, 263 (S.D.N.Y. 1996).  Moreover, under U.S.S.G. § 2D1.1(b)(1), the base offense level for crimes involving drugs must be increased by two levels if "a dangerous weapon (including a firearm) was possessed." U.S.S.G. § 2D1.1(b)(1);  see Reyes, 944 F. Supp. at 263;  United States v. Acosta, No. Crim.A. 90-323-01, 1996 WL 445351, at *5 (E.D. Pa. Aug. 5, 1996).  The Guidelines further direct that this enhancement should not be applied when a sentence under § 924(c) is also imposed.  U.S.S.G. § 2K2.4, Commentary Background.  In fact, the Guidelines explicitly acknowledge that a conviction under § 924(c)(1) "may affect the offense level for other counts."  U.S.S.G. § 3D1.1 note 1;  Reyes, 944 F. Supp. at 263.

Clearly, the § 924(c) offense and the underlying offense are interdependent and result in an aggregate sentence, not sentences which may be treated discretely.  See Reyes, 944 F. Supp. at 263. If the district court were to vacate the term associated with the § 924(c) count and not resentence on the remaining counts, Davis would not receive the two level enhancement required for the remaining counts under the Sentencing Guidelines and his sentence would not be in conformity with the law.  See U.S.S.G. § 2D1.1(b)(1);  Reyes, 944 F. Supp. at 263.  As the court in Mayes v. United States, 937 F. Supp. 659, 661 (E.D. Mich. 1996), stated, it would

indeed, [seem] odd that section 2255 would grant the
   district court the power to 'correct' the petitioner's
   sentence, yet require the court to leave in place a
   sentence that is undoubtedly incorrect, in that it no
   longer represents the seriousness of petitioner's

8

actions and no longer comports with the sentencing
guidelines.

Mayes, 937 F. Supp. at 661.

Moreover, resentencing on the entire aggregate sentence is
supported by the policy argument which gave rise to the
sentencing package doctrine, a doctrine usually applied on direct
appeal that allows resentencing on all counts when a multicount
conviction produces an aggregate sentence or "sentencing
package."[4]  Merritt v. United States, 930 F. Supp. 1109, 1113-14
(E.D.N.C. 1996).  The sentencing package doctrine suggests that
when a defendant is found guilty on a multicount indictment,
     there is a strong likelihood that the district court
     will craft a disposition in which the sentences on the
     various counts form part of an overall plan.  When a
     conviction on one or more of the component counts is

---

[4]    Davis suggests that the sentencing package doctrine and its rationale do not apply to collateral attacks.  Davis also argues that unlike on direct appeal, the defendant on a collateral attack has an expectation in the finality of the sentence imposed on the unchallenged counts.

We find this argument unpersuasive for three reasons.  First, as the court noted in Rowland, whether a sentence is a "package" is determined at time of sentencing and is not determined by the form of the appeal. 1996 WL 524090, at *3. Second, the interdependence of the counts and the resulting sentence eliminate any expectation of finality the defendant may have had upon collateral attack, as an attack on one count affects the validity of the aggregate sentence.  Mayes, 937 F. Supp. at 661.  Third, allowing resentencing only on direct appeal would create an unacceptable windfall for habeas petitioners.  Gordils v. United States, No. 89 Cr. 0395 (DNE), 95 Civ. 8034 (RPP), 1996 WL 614139, at *7 (S.D.N.Y. Oct. 23, 1996).  As one court noted,

[t]he law cannot rationally subject prisoners who directly appeal their Section 924(c)
     sentences to the two level enhancement under Guidelines Section 2D1.1(b)(1)
     while exempting from Guidelines Section 2D1.1(b)(1) those who challenge their
     Section 924(c) sentences via habeas corpus.  To do so would be to treat habeas
     petitioners as if they never possessed a firearm in the commission of their narcotics
     offense.

Id.

9

vacated, common sense dictates that the judge should be free to review the efficacy of what remains in light of the original plan, and to reconstruct the sentencing architecture upon remand, within the applicable constitutional and statutory limits, if that appears necessary in order to ensure that the punishment still fits both crime and criminal.

United States v. Pimienta-Redondo, 874 F.2d 9, 14 (1st Cir. 1989) cert. denied, 493 U.S. 890. Thus, resentencing on direct appeal or on collateral attack, allows the sentence to "accurately reflect the judge's original intent regarding the appropriate punishment for a defendant convicted of multiple offenses" and to reflect the gravity of the crime.[5] Gordils, 1996 WL 614139, at

---

[5] Appellant asserts as an alternative policy argument that a defendant may be deterred from filing a § 2255 motion for fear of subjecting himself to greater punishment if the court's jurisdiction to resentence extends to the unchallenged counts. Davis relies upon United States v. DeLeo, 644 F.2d 300, 301 (3d Cir. 1981), where the defendant filed a motion seeking to correct the court's sentence pursuant to Fed.R.Cr.P. 35. The sentence included a term of imprisonment, probation, and restitution in the amount of $5,000. Id. The defendant sought to correct only the amount of restitution. Id. The district court agreed that a correction was required, but instead of lowering the amount of restitution, the court substituted a $5000 fine in place of the challenged restitution amount. Id. The court of appeals held that

[w]hen a defendant moves for correction of sentence under Rule 35, fairness demands that the district court's authority to 'correct' be limited to correction of the illegality. Otherwise, a defendant may be deterred from calling the court's attention to an error for fear of subjecting himself to greater punishment.

Id. at 302.

While these are legitimate concerns when discussed in general terms, this case is distinguishable from DeLeo. Davis, like DeLeo, contested one element of the sentence imposed. See id. Davis, however, contested a count that was for sentencing purposes directly tied to the other counts of his conviction. While vacating Davis' § 924(c) conviction directly affected the validity of the remaining sentence under the Sentencing Guidelines and no longer accurately reflected the intent of the sentencing judge, correcting the restitution in DeLeo did not affect the legitimacy of the sentence in the same way. The fine did not have to be added to ensure that the sentence was legally correct as the fine and restitution are not interdependent. See id. Thus,

10

*7. The end result of this policy must be that "where a sentencing judge imposed a multicount sentence aware that a mandatory consecutive sentence is to be tacked on to it and the mandatory sentence is later stricken, the judge is entitled to reconsider the sentence imposed on the remaining counts." Id.; see also Thayer v. United States, 937 F. Supp. 662, 665-66 (E.D. Mich. 1996)(applying sentencing package doctrine to resentencing under § 2255); United States v. Tolson, 935 F. Supp. 17, 20 (D.D.C. 1996)(same); Merritt, 930 F. Supp. at 1114 (same).

The district court's sentence constituted an aggregate sentence that was based upon the proven interdependence between the remaining counts and Davis' § 924(c) conviction.[6] See Reyes, 944 F. Supp. at 263; Acosta, 1996 WL 445351, at *5. Once the § 924(c) conviction was vacated, the aggregate sentence was undermined and was no longer in conformity with law. See Gordils, 1996 WL 614139, at *8. Thus, based on the language of § 2255 and the interdependence of the multiple counts for

---

DeLeo does not conflict with the holding here, that when faced with interdependent convictions the court has the authority to resentence on the remaining underlying charges.

[6] A finding of an aggregate sentence for the interdependent counts is further substantiated by the court's statement in its decision to resentence that:

[i]n sentencing Defendant after his conviction, the Court considered all of the counts for which he would be sentenced; the Court did not impose separate sentences without considering the overall sentence. In addition, the Court did not apply the two-level enhancement, due to the conviction under section 924(c).

See Davis, 1996 WL 466940, at *2.

11

sentencing purposes, we hold that the district court had jurisdiction to recalculate petitioner's entire sentence.

### III.  Due Process

Davis also argues that the resentencing constitutes a violation of his due process rights.  A defendant's due process rights may be violated "when a sentence is enhanced after the defendant has served so much of his sentence that his expectations as to its finality have crystallized and it would be fundamentally unfair to defeat them."  United States v. Lundien, 769 F.2d 981, 987 (4th Cir. 1985), cert. denied, 474 U.S. 1064 (1986).  A defendant, however, does not automatically acquire a vested interest in a shorter, but incorrect sentence.  DeWitt v. Ventetoulo, 6 F.3d 32, 35 (1st Cir. 1993), cert. denied, 114 S.Ct. 1542 (1994).  It is only in an extreme case that a later upward revision of a sentence is so unfair that it is inconsistent with the fundamental notions of fairness found in the due process clause.  Id.  We find that this is not such an extreme case.  We thus hold that the district court did not err in its finding of no due process violation.

A growing majority of district courts faced with similar facts have held that resentencing after a successful § 2255 motion vacating a § 924(c) conviction does not violate due process as the defendants have no legitimate expectations of

12

finality.[7]  Rowland, 1996 WL 524090, at *2;  Acosta, 1996 WL 445351, at *5;  Tolson, 935 F. Supp. at 21;  Merritt, 930 F. Supp. at 1115.  The courts have generally relied on three factors in finding a lack of a legitimate expectation of finality.

First, the defendant himself challenged the § 924(c) conviction and sentence, which as explained above, was closely linked with the underlying drug offense.  See Mayes, 937 F. Supp. at 662;  Acosta, 1996 WL 445351, at *5.  The interdependence of the counts and the resulting aggregate sentence eliminate the defendant's expectation of finality in that

> [w]here the defendant challenges one of several interdependent sentences (or underlying convictions) he has, in effect, challenged the entire sentencing plan. . . . Consequently, he can have no legitimate expectation of finality in any discrete portion of the sentencing package after a partially successful appeal.

United States v. Shue, 825 F.2d 1111, 1115 (7th Cir. 1987), cert. denied, 484 U.S. 956 (1987)(discussing in context of direct appeal and double jeopardy claim).  The same rationale has been applied on collateral attacks.  Mayes, 927 F. Supp. at 661-62

---

[7] The district court in Warner concluded that resentencing violated the due process rights of the defendant.  926 F. Supp. at 1395.  In Warner the court ruled that it would violate due process to include a two-level enhancement upon resentencing where the "defendant ha[d] completely served a term of imprisonment that was, at the time of sentencing, lawfully imposed, and which was also lawful at the time of its completion (and which was not rendered unlawful (if at all) until almost a year after it was completed)." Id. at 1396.  Thus, the holding of Warner appears limited to defendants who have completed their sentences and thus have a legitimate expectation of finality. We note that whether resentencing a defendant who has completed a sentence that was lawful at the time entered violates due process has not been directly addressed in this Circuit.  In any case, Warner does not aid Davis as he had not completed his sentence.

(rejecting both due process and double jeopardy claims because defendant had no expectation of finality); Tolson, 935 F. Supp. at 21 (same). Davis challenged his § 924(c) conviction, one of several interdependent counts resulting in an aggregate sentence. As such, he has challenged the aggregate sentence and can have no legitimate expectation of finality in any discrete portion of the sentence. Moreover, the relationship between U.S.S.G. § 2D1.1(b)(1) and 18 U.S.C. § 924(c) itself dilutes any reasonable expectation that the drug count sentence was final and could not be adjusted. Tolson, 935 F. Supp. at 20.

Second, a § 2255 petitioner can have no reasonable expectation of finality as to his sentence when the petitioner has not completed his term of imprisonment. Acosta, 1996 WL 445351, at *4-5 (no due process violation when defendant has not completed either the entire sentence imposed or the period of supervised release on valid counts); Merritt, 930 F.2d at 1114-15 (no due process violation when defendant has not completed entire sentence); cf. Warner, 926 F. Supp. at 1396 (due process prevents a court from resentencing a defendant who had completely served a term of imprisonment). Davis has no expectation of finality as his aggregate sentence has not been served, nor has he completed even the term of imprisonment for the valid counts of the conviction.

Third, Davis's expectation of finality is not harmed in this situation as he faces a lower overall sentencing range than he

14

faced at the original sentencing.  See Acosta, 1996 WL 445351, at *5;  Merritt, 930 F. Supp. at 1115.  Courts have noted that even in a collateral attack, due process is not offended when "some of a defendant's individual sentences are increased, but his aggregate sentence is reduced . . . ."  Rowland, 1996 WL 524090, at *2 n.8 (quoting Kelly v. Neubert, 898 F.2d 15, 18 (3d Cir. 1990)(applied in direct appeal context)).  After vacating the § 924(c) count, the district court resentenced Davis to 95 months imprisonment.  The new sentence is shorter than the original sentence of 123 months.  Thus, the resentencing did not violate Davis' due process rights as Davis did not have a reasonable expectation of finality as to his sentence.

Accordingly, we will affirm the decision of the District Court.