

1997 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-18-1997

# United States v. Martin

Precedential or Non-Precedential:

Docket 96-7373

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1997

Recommended Citation

"United States v. Martin" (1997). *1997 Decisions*. Paper 134.
http://digitalcommons.law.villanova.edu/thirdcircuit_1997/134

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 1997 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed June 18, 1997

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 96-7373

UNITED STATES OF AMERICA

v.

JOHN MARTIN

JOHN W. MARTIN, JR.,

Appellant.

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 93-cr-00176)

Argued January 15, 1997

Before: SLOVITER, Chief Judge, SCIRICA and SEITZ,
Circuit Judges.

Filed: June 18, 1997

James V. Wade, Esq., (Argued)
Federal Public Defender
Lori J. Ulrich, Esq.
Assistant Federal Public Defender
Office of Federal Public Defender
100 Chestnut Street
Harrisburg, Pennsylvania 17101

 Attorneys for Appellant

David M. Barasch, Esq.
United States Attorney
Eric Pfisterer, Esq. (Argued)
Assistant United States Attorney
Federal Building
228 Walnut Street
P.O. Box 11754
Harrisburg, Pennsylvania 17108

 Attorneys for Appellee

**OPINION OF THE COURT**

PER CURIAM.

This appeal arises in the wake of the Supreme Court's interpretation of 18 U.S.C. § 924(c)(1) in Bailey v. United States, 116 S. Ct. 501 (1995).

John Martin ("Appellant") was convicted on December 2, 1993 of violating 18 U.S.C. §§ 922(g) and 924(a)(2) (possession of a firearm by a convicted felon) ("Count I") and 18 U.S.C. § 924(c)(1) ("Count II") (use of a firearm during or in relation to a drug trafficking crime). He was sentenced by the district court to a term of imprisonment of thirty-seven months on Count I and a consecutive term of sixty months on Count II. This court affirmed both convictions on February 24, 1995.

On December 6, 1995, the Supreme Court filed its opinion in Bailey, in which it held that a conviction under 18 U.S.C. § 924(c)(1) for using a firearm during and in relation to a drug trafficking crime requires the "active employment" of the weapon by the defendant. Bailey, 116 S. Ct. at 506, 509. The Court's decision has generated numerous appeals, both direct and collateral, from convictions under section 924(c)(1) that predated the ruling in Bailey.

Having lost his direct appeal to this court only ten days before the Court decided Bailey, Appellantfiled a motion in the district court under 28 U.S.C. § 2255 on February 23, 1996 to vacate, set aside, or correct his sentence for

2

violating section 924(c)(1). The government concurred in the vacatur of the Count II conviction and sentence, but requested that Appellant be resentenced on his Count I conviction. The district court vacated the Count II conviction, but rejected Appellant's jurisdictional and constitutional arguments as to the Count I conviction and resentenced him to a term of imprisonment of fifty-seven months on that count.[1] This timely appeal followed.

Appellant argues here that the district court lacked jurisdiction to resentence him on his Count I conviction, which he did not challenge in the section 2255 proceeding. He claims that the district court's jurisdiction was limited to a review of Count II and the concomitant "sentence" that he attacked. Appellant further asserts that his resentencing by the district court on Count I violated his due process rights and the prohibition against double jeopardy because he possessed a legitimate expectation of finality as to the portion of his original sentence imposed under Count I.

Our jurisdiction arises under 28 U.S.C. § 1291, and our review is plenary as to both issues. United States v. Barnhart, 980 F.2d 219, 222 (3d Cir. 1992); Zettlemoyer v. Fulcomer, 923 F.2d 284, 291 (3d Cir. 1991).

Since the date of oral argument before us in this case, another panel of this court has filed a reported opinion holding that a district court has jurisdiction to resentence a section 2255 petitioner on unchallenged counts where the petitioner successfully attacks a section 924(c)(1) conviction on the basis of the Supreme Court's decision in Bailey. See United States v. Davis, 112 F.3d 118 (3d Cir. 1997).

Third Circuit Internal Operating Procedure 9.1 reads:

It is the tradition of this court that the holding of a panel in a reported opinion is binding on subsequent panels. Thus, no subsequent panel overrules the holding in a published opinion of a previous panel. Court in banc consideration is required to do so.

3d Cir. R., App. I, I.O.P. 9.1 (West Supp. 1997). Given the

---

1. At the time of the resentencing hearing, Appellant had completed 23 months of his original, 37-month term of imprisonment on Count I.

3

circumstances here, we conclude that this court's holding in <u>Davis</u> dictates our disposition here. <u>See United States v. Audinot</u>, 901 F.2d 1201, 1204 (3d Cir. 1990).

The order of the district court resentencing Appellant to a term of imprisonment of fifty-seven months on his Count I convictions will be affirmed.

4

SLOVITER, <u>Chief Judge</u>, <u>concurring in the judgment only</u>.

This case raises the important question whether a criminal defendant convicted on two counts who successfully challenged his conviction on the second count on a § 2255 petition pursuant to <u>Bailey v. United States</u>, 116 S. Ct. 501 (1995), may be resentenced on motion of the government on the first count. After this case was argued but before we rendered an opinion, another panel of this court decided the same issue in <u>United States v. Davis</u>, 112 F.3d 118 (3d Cir. 1997), holding there was no impediment to the resentencing. As the majority states, our Internal Operating Procedures bind us to that holding unless overturned by the court <u>en banc</u>. I disagree with the holding in <u>Davis</u> and use this opportunity to state my position. I believe that on collateral review a district court only has jurisdiction over the particular sentence challenged in the § 2255 petition, not over all sentences which the petitioner may be serving.

The district courts were divided on the issue, with some holding that sentencing courts do not have the power to resentence a prisoner after a successful collateral attack on another count, and others holding that they do. Recently, what had been a similar division among the courts of appeals has shifted to the position that the district courts do have the power to resentence under a broad interpretation of 28 U.S.C. § 2255. <u>See United States v. Rodriguez</u>, 1997 WL 265121, ___ F.3d #6D 6D6D# (5th Cir. 1997); <u>United States v. Harrison</u>, 1997 WL 232266, #6D 6D6D# F.3d ___ (8th Cir. 1997); <u>United States v. Rodriguez</u>, 112 F.3d 26 (1st Cir. 1997); <u>United States v. Hillary</u>, 106 F.3d 1170 (4th Cir. 1997); <u>United States v. Smith</u>, 103 F.3d 531 (7th Cir. 1996), <u>cert. denied</u>, 1997 WL 221217 (1997). <u>But see United States v. Handa</u>, 110 F.3d 42 (9th Cir. 1997) (approving district court's holding that there was no authority to resentence under Rule 35 or § 22551).

―――――――――――――――――――――――――――――――――――――――――

1. The court in <u>Handa</u> nonetheless directed resentencing based on 28 U.S.C. § 2106 which allows the Supreme Court or any court of appeals to modify any sentence brought before it for review "as may be just under the circumstances." As far as I know, no other court has relied on this provision, and I believe its applicability under these facts is questionable.

5

I will concentrate on our Davis opinion as that is the controlling precedent.

Martin concedes that if this issue were raised in the context of a direct appeal the district court could resentence him. See Fed. R. Crim. P. 35(a); United States v. Busic, 639 F.2d 940, 950-51 (3d Cir.), cert. denied, 452 U.S. 918 (1981). However, he notes that the Supreme Court has emphasized the distinction between direct review and review on a collateral proceeding. In United States v. Addonizio, 442 U.S. 178, 184 (1979), the Court stated: "It has, of course, long been settled law that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment."

Section 2255 is the federal analog to the common law writ of habeas corpus allowing a criminal defendant to challenge a federal sentence. In United States v. Hayman, 342 U.S. 205, 219 (1952), the Supreme Court explained that § 2255 offered the same remedies as a traditional habeas petition and was to have the same substantive scope. A § 2255 petition, like a petition for a writ of habeas corpus, is a remedy afforded the prisoner, not the government, and the government has no power, either at common law or by statute, to seek collateral review of a prisoner's conviction or sentence.

In its discussion of the purposes behind habeas corpus in McNally v. Hill, 293 U.S. 131, 136 (1934), the Supreme Court explained that historically habeas was intended to "inquire into the legality of the detention" and could only be used if a decision in the prisoner's favor would result in his immediate release. Id. at 138. The Court continued: "Wherever the issue has been presented, this Court has consistently refused to review, upon habeas corpus, questions which do not concern the lawfulness of the detention." 293 U.S. at 139 (footnote omitted). Patently, the government's effort to have the sentence of a convicted defendant enhanced raises a question which does not concern the "lawfulness of the detention," which was the limit of the scope of a collateral review iterated by the Court.

It follows that if the sentencing court is to have the jurisdiction to enhance the defendant's sentence through

6

the vehicle of a § 2255 petition after the time for direct appeal has passed, then its authority to do so, in deviation from the practice under a traditional habeas proceeding, must derive from specific language in § 2255. That was the basis on which the Fourth Circuit in Hillary found the authority, focusing on the portion of § 2255 that provides that if the district court grants a § 2255 motion, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255. Hillary interpreted that language as bestowing broad remedial powers on the district court to correct a"sentence" as it finds "appropriate." See Hillary, 106 F.3d at 1173. That interpretation has been adopted in most of the recent opinions on this issue in the other courts of appeals.

I find this court's opinion in Davis equivocal as to whether it is adopting the conclusion in Hillary that the language in § 2255 means that the court is not limited in its resentencing options to only the count challenged in the motion. On one hand, it approvingly cites Hillary and the other courts so holding. On the other hand, it rather deftly rests its express holding on a different analysis.

In any event, whether Davis holds or merely suggests that the language of § 2255 gives the district court authority to enhance an unchallenged sentence, I disagree. Placed in context, the court's jurisdiction to "correct" the sentence is limited to correction in favor of the petitioning prisoner who is determined to be "entitled to relief."2 The

_____

2. 28 U.S.C. § 2255 provides in relevant part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause

7

"sentence" that is to be corrected is the one called into question by the prisoner on his or her § 2255 petition. This is the statutory interpretation also reached by Judge Heaney in his dissenting opinion in Harrison, 1997 WL 232266, at *4.

To be sure, the Davis panel rests its explicit holding on a ground other than this broad and, I believe, unsupportable statutory interpretation. Instead, in Davis the court based its holding on the "interdependence of the counts for Guideline sentencing purposes." Davis, 112 F.3d at ___ , 1997 WL 195397, at *3. Under U.S.S.G. § 2D1.1(b)(1), the court would have imposed a two-level enhancement to the sentence on the drug counts for possession of a firearm, but Davis' conviction under the § 924(c) count precluded that enhancement. See U.S.S.G. § 2K2.4 Background Commentary. Thus, the Davis court held that vacating the now invalid § 924(c) sentence because of Bailey without resentencing on the remaining counts would mean that Davis' "sentence would not be in conformity with the law." Davis, 1997 WL 195397, at *4.

In this respect, Davis relied on the "sentencing package" doctrine. That doctrine seeks to reconstruct the sentencing judge's overall plan in sentencing on a multi-count indictment, and holds that when a conviction on one of the counts of a multi-count conviction is vacated, the sentencing judge "should be free to review the efficacy of what remains in light of the original plan, and to reconstruct the sentencing architecture upon remand,

_____

notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

(emphasis added)

8

within applicable constitutional and statutory limits, if that appears necessary in order to ensure that the punishment still fits both crime and criminal." United States v. Pimienta-Redondo, 874 F.2d 9, 14 (1st Cir.), cert. denied, 493 U.S. 890 (1989).

Although I believe the sentencing package doctrine fully supports resentencing on a direct appeal, I believe that it does not serve to place within "applicable constitutional and statutory limits" the disturbance of a sentence at the behest of the government after the time for direct appeal has run.

Because the "sentencing package" doctrine is based on the sentencing court's original intent in fixing the sentence, the Supreme Court's decision in Addonizio, 442 U.S. at 179, is informative regarding the "sentencing package" doctrine's applicability to a § 2255 proceeding. Addonizio, a former mayor of the city of Newark, New Jersey, was convicted of an extortion conspiracy and sentenced to 10 years imprisonment. See id. at 180 & n.2. While he was serving his sentence, the Parole Commission changed its policies to take the seriousness of the crime into consideration and refused to release Addonizio once he became eligible for parole because of the seriousness of his crime. Addonizio filed a petition under § 2255, and the same judge who had sentenced him granted that petition on the ground that at the time he imposed sentence he anticipated that Addonizio would be actually confined for three and one-half to four years, and that his "sentencing expectation" was frustrated by the Parole Commission's new policies and procedures. See id. at 183.

This court affirmed but the Supreme Court reversed, holding that as long as the sentence was a lawful one under "all of the objective criteria - federal jurisdiction, the Constitution, and federal law," id. at 187, Addonizio was not entitled to relief under § 2255. The Court stated, in language of interest here, "in our judgment, there is no basis for enlarging the grounds for collateral attack to include claims based not on any objectively ascertainable error but on the frustration of the subjective intent of the sentencing judge." Id.

9

I recognize that here the expectation of the sentencing judge was dependent upon the interaction between the statute and the Sentencing Guidelines, whereas in Addonizio only the subjective intent of the sentencing judge was at issue. Nonetheless, the frustration of the sentencing judge's expectation can no more create jurisdiction to open a sentence on a count unchallenged in the § 2255 proceeding than it could authorize resentencing on a count dismissed as part of a plea bargain when the counts on which the defendant pled and was sentenced are later successfully challenged on a § 2255 petition. Inasmuch as the intent of the sentencing judge was held in Addonizio to be an inadequate basis for a defendant to open the sentence under § 2255, I believe it cannot be used to support the sentencing package theory as a rationale to permit the sentencing judge to revisit the entire sentence on a § 2255 motion at the behest of the government.

I find that my views comport with those expressed by the court of appeals in Chandler v. United States, 468 F.2d 834 (5th Cir. 1972), an opinion since limited by that court's decision in United States v. Rodriguez, 1997 WL 265121 (5th Cir. 1997). The defendant in Chandler had been convicted of one count of tax evasion and one count of subscribing a fraudulent tax return, and was sentenced to five years imprisonment on count one and three years imprisonment on count two. After the defendant successfully moved under § 2255 to vacate the sentence on count one because it was in excess of the statutory maximum, the district court resentenced her on the second count to five years in order to have its sentencing intent fulfilled. The court of appeals reversed on double jeopardy grounds, holding that the district court could not resentence the defendant on a count not raised in her § 2255 petition.

While I prefer to rest my opinion on the lack of jurisdiction rather than reach the double jeopardy issue, I am impressed by the force of the Chandler court's comment that:

To allow the trial court's action in this case to stand would place a rather formidable deterrent in the path of a convicted defendant who desires to apply for post-

10

conviction relief on only one count of a multi-count conviction. By subjecting the defendant to the contingency of having a non-challenged sentence escalated to the statutory maximum, we would truly be inviting the defendant to play `Russian Roulette.'

468 F.2d at at 837.

The concerns raised in Chandler are not merely academic, as defendants who have used Bailey to successfully challenge their § 924(c) convictions on one count of a multi-count indictment and even have completed the service of the term to which they were sentenced on the other count have been resentenced to a longer term. See, e.g., United States v. Smith, 103 F.3d 531, 532 (7th Cir. 1996) (enhancing and using the resentence also to correct an improper calculation of the base offense level to the defendant's detriment); Woodhouse v. United States, 109 F.3d 347, 348 (7th Cir. 1997) (returning a released prisoner to prison on the subsequently enhanced sentence).

The availability of a collateral attack via § 2255 is thereby being transformed from a symbol of personal liberty into a tool for the government to revisit final sentences. Once the distinctions between direct review and collateral attacks are extinguished, there may be no principle that would prohibit a court from resentencing a defendant to an even higher sentence than s/he had been given before ever filing the petition. The writ that originally could only be used to seek immediate release from custody could now be used by the government to extend custody.

I recognize that the recent cases from the other circuits make my view a lonely one (joined only by Judge Heaney's dissent in the Eighth Circuit), but I believe our Davis opinion sets us on a dangerous road for which only the Supreme Court may provide a different destination.

A True Copy:
Teste:

Clerk of the United States Court of Appeals
for the Third Circuit

11