NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3720
_____

UNITED STATES OF AMERICA

v.

BRIAN WILLIAM WALPOLE,
Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court No. 1-10-cr-00340-001
District Judge: The Honorable Yvette Kane
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 17, 2015

Before: SMITH, JORDAN, and VAN ANTWERPEN, *Circuit Judges*

(Filed: March 26, 2015)
_____

OPINION*
_____

SMITH, *Circuit Judge.*

A jury convicted Brian William Walpole of sexual exploitation of a child (Count

I), receipt of child pornography (Count II), and possession of child pornography (Count

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

1

III). *See* 18 U.S.C. §§ 2251(a) and (e), 2252A(a)(2) and (b)(1), and 2252A(a)(5)(B) and (b)(2). The guideline sentencing range was "life." This was adjusted downward to 720 months to conform to the combined statutory maximum for the three convictions. The United States District Court for the Middle District of Pennsylvania granted Walpole a 120 month downward variance from the adjusted guideline sentencing range. The District Court imposed an aggregate sentence of 600 months of imprisonment, consisting of 360 months on Count I, 240 months on Count II consecutive to Count I, and 120 months on Count III to be served concurrently with the sentence imposed on Counts I and II.

Walpole appealed. We affirmed Walpole's convictions, rejected Walpole's contention that the offense level was wrong, and determined that the criminal history category of V was incorrect. *United States v. Walpole*, 543 F. App'x 224, 227–28 (3d Cir. 2013). Recognizing that Walpole's sentence might change with application of the proper criminal history category of I, we concluded that there was no need to address Walpole's assertion that his sentence was substantively unreasonable.

On remand and represented by new counsel, Walpole filed objections to the presentence report. The government responded by seeking a hearing limited to resentencing with the correct criminal history category. Walpole opposed the government's position and argued that the hearing should be *de novo*. The District Court concluded that the sentencing proceeding would be limited to the "effect of the improperly calculated criminal history category on [Walpole's] sentence." App. 53a.

The District Court pointed out that Walpole's offense level and guideline sentencing range remained unchanged even though the criminal history category had been reduced from V to I. The Court concluded this made Walpole's case similar to that of the defendant in *United States v. Ciavarella*, 716 F.3d 705 (3d Cir. 2013). In that case, we concluded that resentencing *de novo* was not required because the vacated count did not affect the defendant's total offense level or guideline range. *Id.* at 735.

At resentencing, defense counsel again objected to the limited hearing and placed on the record an objection to the grouping of his offenses under U.S.S.G. § 2G2.1. The District Court acknowledged the objection and stated that the arguments counsel "wanted to raise when [he] thought we were having a hearing *de novo,* are preserved." App. 18a−19a. After hearing arguments regarding the sentence to be imposed, the Court again imposed a 600 month sentence. This timely appeal followed.[1]

Walpole contends that the District Court erred by failing to conduct a *de novo* sentencing. In addition, Walpole asserts that the 600 month sentence is substantively unreasonable.[2]

According to Walpole, "the sentencing procedure on remand is conducted *de novo* unless the court of appeals specifically provides instructions to the contrary." Appellant's Br. at 10. As support for his position, Walpole points out that four of our

---

[1] The District Court exercised jurisdiction under 18 U.S.C. § 3231. We exercise appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).
[2] Whether the District Court erred by conducting a limited resentencing presents a legal question subject to plenary review. *See United States v. Diaz*, 639 F.3d 616, 619 (3d Cir. 2011). In determining whether the District Court's sentence is substantively

sister courts of appeals apply a default rule requiring *de novo* resentencing.

In *United States v. Miller*, 594 F.3d 172, 179 (3d Cir. 2010), we acknowledged the divided approach of our sister courts of appeals, which have adopted a default rule requiring either a *de novo* proceeding or a limited resentencing. We also noted that the Second Circuit applied a hybrid approach depending on the circumstances. *Id.* at 180. It was unnecessary for us to adopt a default rule given the circumstances and the applicability of the "'sentencing package doctrine.'" *Id.* (quoting *United States v. Davis*, 112 F.3d 118, 122 (3d Cir. 1997)). That doctrine requires conducting a *de novo* resentencing "[w]hen a conviction on one or more interdependent counts is vacated on appeal," unless directed otherwise. *Id.* at 181–82.

*Ciavarella*, however, instructs that errors do not always require a *de novo* resentencing. 716 F.3d at 735. It concluded that a limited resentencing was permissible where neither the total offense level nor guideline range had been affected by the error. *Id.*

Our adjudication of Walpole's first appeal vacated his sentence and remanded his case for resentencing, but it did not vacate any of his counts of conviction. Nor did our decision and judgment specify that resentencing had to be *de novo*. In light of these circumstances, the District Court appropriately considered whether the error requiring resentencing affected Walpole's total offense level and guideline range. Because Walpole's total offense level and guideline range were unaffected by the error, we

unreasonable, we apply an abuse of discretion standard. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009).

4

conclude that the District Court did not err by following *Ciavarella*'s approach and conducting a limited resentencing on remand.[3]

We also conclude that there is no merit to Walpole's contention that his 600 month sentence is substantively unreasonable. The District Court meaningfully considered the arguments of the parties and discussed the sentencing factors in 18 U.S.C. § 3553(a). It explained that the sentence was warranted given Walpole's sexual exploitation of a child and the quantity and nature of the images in Walpole's child pornography collection. Because a reasonable sentencing court could "have imposed the same sentence on [Walpole] for the reasons the district court provided," we will affirm the judgment of the District Court. *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009).

---

[3] Although the District Court advised that Walpole's objection to the limited resentencing and the arguments he wanted to raise in a *de novo* proceeding were preserved, Walpole did not raise on appeal any issues he would have presented in a *de novo* proceeding. Whether any of these issues would militate in favor of a *de novo* proceeding is unknown and has not been a factor in our analysis.