**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-2481

_____

UNITED STATES OF AMERICA

v.

JOSE MARTINEZ,

                                          Appellant

_____

On appeal from the United States District Court
for the District of Delaware
(D.C. No. 1:11-cr-00016-01)
Chief District Judge: Honorable Colm F. Connolly

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on January 26, 2023

Before: BIBAS, NYGAARD, and FUENTES, *Circuit Judges*

(Filed: January 27, 2023)

_____

**OPINION**[*]

_____

BIBAS, *Circuit Judge*.

Disappointment with a new sentence does not make the sentence unreasonable. Jose

Martinez was originally sentenced to 276 months but later resentenced to 240 months. He

_____

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding
precedent.

had hoped for a bigger reduction, particularly because he had rehabilitated himself in prison. Yet the District Court weighed the right factors, followed the proper procedures, and reached a reasonable result. So we will affirm.

## I. MARTINEZ IS RESENTENCED

In 2010, Martinez and another man robbed a restaurant and a convenience store at gunpoint. Martinez was charged with two counts each of Hobbs Act robbery, conspiracy to commit Hobbs Act robbery, and using a gun during and in relation to a crime of violence. In 2013, he reached a Rule 11(c)(1)(C) plea agreement with federal prosecutors, stipulating to 216 months' incarceration. Eight months later, to let Martinez serve a state homicide sentence at the same time, they revised that agreement to 276 months. The parties carefully crafted the plea agreement to reach that number: Martinez pleaded guilty to two counts of conspiracy to commit Hobbs Act robbery, with concurrent 156-month sentences on each count. He also pleaded guilty to one count of using a gun in a violent crime, for which he got a consecutive 120-month sentence. In return, prosecutors dropped the other gun charge.

Then, in 2019, the Supreme Court decided *United States v. Davis*, 139 S. Ct. 2319 (2019). *Davis* invalidated part of the gun-use statute, requiring the District Court to vacate Martinez's gun conviction. 139 S. Ct. at 2336. The court vacated his whole sentence and resentenced him to 240 months, the statutory maximum for all his remaining convictions. On appeal, Martinez challenges his new sentence's reasonableness and the District Court's refusal to seal sentencing documents. Both claims fail.

2

## II. THE NEW SENTENCE IS PROCEDURALLY AND SUBSTANTIVELY REASONABLE

Martinez's chief claim is that the District Court erred by starting its sentencing with the old plea agreement (276 months) rather than the new Guidelines range (92–115 months). Because he never objected to the sentence's procedural reasonableness, we review for plain error. *United States v. Flores-Mejia*, 759 F.3d 253, 255 (3d Cir. 2014) (en banc).

The District Court made no procedural error, let alone a plain one. Contrary to Martinez's claim, the court carefully started with the Guidelines range and varied upward from there. *E.g.*, App. 143 ("I want to start the sentencing process or the determination, calculation from the guidelines, because that's what the law said we should do, and we've got an agreement that under the guidelines, the defendant is looking at a range of 92 to 115 months."), 164–65 ("The guidelines call for a range of 92 to 115 months. I do think grounds would exist, or do exist, I should say, to vary upward."). Martinez likewise argues that the District Court "failed to do any calculation of whether any level of an upward variance was appropriate." Appellant's Br. 21. Again, he is mistaken. The court weighed the appropriate variance at length, considering all the 18 U.S.C. § 3553(a) factors. So its sentence was procedurally sound.

Substantively, Martinez argues that no reasonable court could have sentenced him to twenty years considering his impressive rehabilitation. We review the sentence's substantive reasonableness for abuse of discretion. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc).

The District Court acted well within its discretion. The court considered Martinez's rehabilitation and many other factors carefully. It noted how impressed it was with his steps

to improve himself. Yet it weighed this against his high statistical risk of recidivism. The court also gave proper weight to the parties' stipulated sentence, which they reached after complex bargaining. Under the sentencing-package doctrine, the court could take that sentence into account. *See United States v. Davis*, 112 F.3d 118, 121–23 (3d Cir. 1997). Finally, the court noted that Martinez was lucky: He was eligible for resentencing only because the government had agreed to let him plead to conspiracy (rather than to substantive robbery, to which *Davis* would not apply). And because he was resentenced, the new statutory maximum lopped years off his sentence. In sum, the District Court reached a substantively reasonable sentence that carefully balanced the original sentencing package against his new situation.

### III. THE DISTRICT COURT APPROPRIATELY DENIED MARTINEZ'S MOTION TO SEAL

Martinez also argues that the District Court violated due process when it denied his motion to seal sentencing documents. We review for abuse of discretion. *In re Cendant Corp.*, 260 F.3d 183, 197–98 (3d Cir. 2001). Court records are presumptively open to the public, and the party who seeks to seal them bears the burden of overcoming that "strong presumption." *Id.* at 193–94. Yet Martinez's motion gave no specific reasons to seal, suggested no alternatives, offered no supporting facts, and cited no law. And "specificity is essential. Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *Id.* at 194. So the District Court did not abuse its discretion in denying such a cursory motion.

\* \* \* \* \*

We commend Martinez for the remarkable steps that he has taken in prison to better himself. But resentencing courts can and must consider other factors too. Because the District Court followed the right procedure and reached a reasonable sentence, we will affirm.