**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1379
_____

UNITED STATES OF AMERICA

v.

AHMED JUDGE, a/k/a EDY, a/k/a BLEEK,
Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(District Court No. 1:06-cr-00076-002)
District Judge:  Honorable Noel L. Hillman
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 10, 2024
_____

Before:  BIBAS, CHUNG, and ROTH, Circuit Judges

(Filed: January 24, 2025)
_____

OPINION[1]
_____

**CHUNG**, Circuit Judge.

Appellant argues that the District Court should have applied the sentencing

---

[1]    This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

package doctrine and thereby considered resentencing him not only on his drug conspiracy conviction, but also on his conviction for murder in furtherance of that conspiracy. Because we hold that the doctrine does not apply, we will affirm.

I.    BACKGROUND[2]

Ahmed Judge was sentenced to two concurrent life sentences on convictions for conspiracy to distribute powder cocaine and crack cocaine in violation of 21 U.S.C. § 846 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(Conspiracy Conviction)[3] and murder in furtherance of a drug trafficking conspiracy in violation of 21 U.S.C. § 848(e)(1)(A) (Murder Conviction). On October 5, 2020, Judge filed a pro se motion to reduce his sentence pursuant to Section 404 of the First Step Act, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) (the "FSA"), and on September 2, 2021, he filed a counseled supplement. The FSA "operates by making retroactive the Fair Sentencing Act of 2010, a statute which reduced penalty disparities between offenses involving crack cocaine and powder cocaine." United States v. Junius, 86 F.4th 1027, 1030 (3d Cir. 2023). Only "covered offense[s]" as defined in the FSA are eligible for resentencing. FSA § 104.

The District Court held that the Conspiracy Conviction was a covered offense eligible for FSA resentencing but that the Murder Conviction was not. Judge argued to the District Court that it should, nonetheless, resentence him on the Murder Conviction pursuant to the sentencing package doctrine. The District Court concluded that the

---

[2]    Because we write for the parties, we recite only facts pertinent to our decision.
[3]    Judge was charged with conspiring to violate 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).

2

sentencing package doctrine did not apply to the Murder Conviction; calculated Judge's new FSA Guidelines range term of imprisonment for the Conspiracy Conviction (it was unchanged); and, after examining the 18 U.S.C. § 3553(a) factors, declined to exercise its discretion to reduce Judge's Conspiracy Conviction sentence.

Judge timely appealed.

II.    DISCUSSION[4]

On appeal, Judge challenges the District Court's conclusion that he was ineligible for resentencing on the Murder Conviction because the sentencing package doctrine did not apply.  We will affirm.

We conclude that the sentencing package doctrine does not apply here.  "Under the sentencing package doctrine, if a *conviction* on one of the component counts of the overall plan, or sentencing package, is vacated, and the sentences on the underlying counts are interdependent, a judge may" adjust those interdependent sentences.  Junius, 86 F.4th at 1028 n.1 (emphasis added).  Even assuming the sentencing package doctrine applies where only a *sentence*—not a *conviction*—is vacated,[5] it would not apply here

---

[4]    The District Court had jurisdiction under 18 U.S.C. § 3231.  We have jurisdiction under 28 U.S.C. § 1291.  The proper application of the sentencing package doctrine is a question of law that we review de novo.  United States v. Norwood, 49 F.4th 189, 200 (3d Cir. 2022).

[5]    We have yet to determine precedentially whether the sentencing package doctrine applies when a *sentence* rather than a *conviction* is vacated.  We declined to answer this question in Norwood because the sentences at issue were not interdependent.  49 F.4th 202–03.  Similarly, in Junius, we assumed in dictum and without analysis that the doctrine could apply but ultimately concluded that the sentences were not interdependent. 86 F.4th at 1028 n.1.

because the District Court did not vacate the sentence for the Conspiracy Conviction or modify it in any way.[6] See id. (noting that the doctrine applies "if a conviction … is vacated"); Norwood, 49 F.4th at 202 (similar); United States v. Miller, 594 F.3d 172, 181–82 (3d Cir. 2010) (similar); United States v. Davis, 112 F.3d 118, 122 (3d Cir. 1997) (similar).

This result accords with the purpose of the doctrine, which is to allow a judge to "reconstruct the sentencing architecture … if that appears necessary in order to ensure that the punishment still fits both crime and criminal." Davis, 112 F.3d at 122. When no part of that "architecture" has been changed, no "reconstruct[ion]" is necessary. Id.[7]

III.    CONCLUSION

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[6]    In his Opening Brief, Judge did not claim the District Court erred when it declined to reduce Judge's sentence on the Conspiracy Conviction. Judge did raise this argument in his reply brief to counter one of the government's arguments not addressed herein. That is insufficient for forfeiture purposes, however, and we do not address Judge's reply brief argument here. See Hoxworth v. Blinder, Robinson & Co., Inc., 903 F.2d 186, 204 n.29 (3d Cir. 1990) ("As a general matter, the courts of appeals will not consider arguments raised on appeal for the first time in a reply brief.").
    We also need not address whether the Conspiracy and Murder Conviction sentences are interdependent because that analysis is only required when a vacatur has occurred.

[7]    The Government also argues that the District Court should be affirmed under the concurrent sentence doctrine and that any error was harmless. Because we hold that the sentencing package doctrine is not applicable, we need not reach these arguments.

4