**In re GRAND JURY PROCEEDINGS.**

**COMPANY X** [1] **Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 87–2324.

United States Court of Appeals,
Tenth Circuit.

Nov. 24, 1987.

Rodney O. Thorson, William J. Guzick, and Andrew L. Sandler, Skadden, Arps, Slate, Meagher & Flom, Washington, D.C., and Robert J. Roth and Evan J. Olson, Hershberger, Patterson, Jones & Roth, Wichita, Kan., for appellant.

Benjamin L. Burgess, Jr., U.S. Atty., Topeka, Kan., Scott J. Glick and Guy L. Goodwin, Criminal Division, U.S. Dept. of Justice, Washington, D.C., for appellee.

Before McKAY, MOORE, and TACHA, Circuit Judges.

PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir. R., 34.1.8(c) and 27.-1.2. The cause is therefore ordered submitted without oral argument.

This is an appeal from an order of the district court enforcing subpoenas duces tecum issued by a grand jury. The matter is before the court on the government's motion to dismiss the appeal for lack of appellate jurisdiction.

During the course of an investigation, the grand jury issued four subpoenas duces tecum to Company X (Company) and a law firm seeking production of a large quantity of documents regarding the marketing of a product and the resulting product liability litigation. Company manufactured and sold the product until it was withdrawn from the market. From 1975 to 1985, the law firm was responsible for the nationwide coordination of Company's defense in the product liability litigation.

The law firm, joined by Company, sought to quash the subpoenas for the reason that at least some of the summoned documents were protected by the work product or attorney-client privilege. The government responded with a motion to compel production, claiming that any privilege was removed by the crime or fraud exception. In support of its claim, the government furnished certain documentary evidence which was examined by the district court in camera.

On August 17, 1987, the district court ordered the custodians of the subpoenaed records to produce the documents for the grand jury's use. In that order, the district court stated:

> [t]he court finds there is *prima facie* evidence that [Company] and its officers and employees participated in the com-

1. The true identity of the appellant is protected from disclosure by Fed.R.Crim.P. 6(e)(2). The appellant will be referred to as Company X.

mission of crimes and fraud during the promotion, marketing, and the sale of the [product], and there is *prima facie* evidence that [Company] used its attorneys to perpetuate these crimes and fraud during the ensuing product liability litigation through the commission of frauds on the courts, obstruction of justice, and perjury. These acts of fraud on the courts, obstruction of justice, and perjury occurring during a period of representation by [the law firm] and the documents sought by the subpoenas are related to that activity.

Further, the district court found that the documents sought in the subpoenas had a reasonable relationship to the crimes and frauds described in the government's documentary evidence. The district court then concluded that Company was not entitled to assert the work product or attorney-client privilege to prevent the production of documents responsive to the subpoenas.

On September 4, 1987, eighteen days after the entry of the August 17 order, Company filed its notice of appeal.

The government's jurisdictional argument has two prongs. First, the government argues that the challenged order is interlocutory and does not come within the collateral order exception to the final judgment rule. Alternatively, the government contends that the notice of appeal was not timely and, consequently, is ineffective to vest this court with appellate jurisdiction. Specifically, the government claims that the ten-day appeal period prescribed by Fed.R.App.P. 4(b) for appeals in *criminal* cases should apply. Company argues that the sixty-day appeal period prescribed by Fed.R.App.P. 4(a)(1) for *civil* cases in which the government is a party is the correct appeal period. The choice of appeal period is pivotal in this case.

The threshold question is whether this court has jurisdiction to decide the appeal on the merits. Our jurisdictional analysis starts with the well-established proposition that the filing of a notice of appeal within the appeal period prescribed by rule or statute is mandatory and jurisdictional. *Browder v. Director, Dep't of Corrections,*

434 U.S. 257, 264, 98 S.Ct. 556, 561, 54 L.Ed.2d 521 (1978).

To answer the choice of appeal period question posed here, we first examine the fundamental nature of the grand jury process. Authority for the summoning and conduct of a grand jury and issuance of grand jury subpoenas is stated in the Federal *Criminal* Code and Federal Rules of *Criminal* Procedure. 18 U.S.C. § 3321, Fed.R.Crim.P. 6 and 17. The Supreme Court has noted that the grand jury is an integral part of the criminal process. *Costello v. United States,* 350 U.S. 359, 362, 76 S.Ct. 406, 408, 100 L.Ed. 397 (1956).

■ If the *government* seeks appellate review of an order *granting* a motion to quash a grand jury subpoena, the appeal must be brought pursuant to 18 U.S.C. § 3731, which authorizes government appeals in *criminal* proceedings. *In re Grand Jury Empanelled, (Colucci),* 597 F.2d 851, 855 (3d Cir.1979); *see also, In re Grand Jury Subpoenas (Kiefaber),* 774 F.2d 969, 973 (9th Cir.1985), *vacated as moot,* 823 F.2d 383 (9th Cir.1987). The Third Circuit stated, "In deciding questions pertaining to appellate jurisdiction, this circuit and others have adopted the view that the grand jury is a criminal proceeding." 597 F.2d at 857.

In slightly different contexts, grand jury proceedings have also been held to be distinctly and inherently criminal in nature. *In re Grand Jury Subpoena Duces Tecum dated January 2, 1985,* 775 F.2d 499, 503 (2d Cir.1985); *In re April 1977 Grand Jury Subpoenas,* 584 F.2d 1366, 1368–1369 (6th Cir.1978), *cert. denied,* 440 U.S. 934, 99 S.Ct. 1277, 59 L.Ed.2d 492 (1979).

■ Only one decision, on which Company relies extensively, has addressed the appeal period problem squarely. *In re Grand Jury Proceedings (Manges),* 745 F.2d 1250, 1251 (9th Cir.1984). With scant analysis, the *Manges* court declared that the "30- or 60-day" rule of Fed.R.App.P. 4(a) applies when an appeal (nongovernment) is taken from an order *denying* a motion to quash a grand jury subpoena. We disagree with the conceptual frame-

work of *Manges.* No other decisions have followed it, and its reasoning has been sharply challenged elsewhere. *In re Grand Jury Subpoena Duces Tecum dated January 2, 1985,* 775 F.2d at 503.

Strong policy considerations favor prompt appeal of decisions in criminal cases, particularly in grand jury matters. The Supreme Court has repeatedly stated the need for expedition of appellate review in the administration of criminal law. *United States v. Ryan,* 402 U.S. 530, 533, 91 S.Ct. 1580, 1582, 29 L.Ed.2d 85 (1971). To allow an appeal from an adverse decision regarding enforcement of grand jury subpoenas beyond the ten- and thirty-day periods mandated by Fed.R.App.P. 4(b) would needlessly delay and impede the investigative and charging function of the grand jury.

In our view, it makes no sense to apply Rule 4(b) when the appeal is by the *government* and Rule 4(a)(1) when the appeal is taken by a *nongovernment* party. The choice of appeal period should be driven by the fundamental nature of the underlying proceedings, not by the classification of the appealing party.

Finally, in matters relating to appellate jurisdiction, bright line rules are highly desirable. A party seeking appellate review should not be compelled to choose, at his or its peril, from a confusing array of potential appeal periods. In sum, because grand jury proceedings are criminal in nature, any available appeals must be taken in strict compliance with the appeal periods prescribed by Fed.R.App.P. 4(b).

The notice of appeal in this case was filed outside the appeal period for criminal cases, and an extension was neither sought nor granted. Accordingly, this court is without jurisdiction, and the appeal is DISMISSED.