NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2488
_____

UNITED STATES OF AMERICA

v.

RAYMOND ZARECK,
                                                Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 2-09-cr-00168-001)
District Judge:   Honorable Joy Flowers Conti
_____

Submitted Pursuant to L.A.R. 34.1(a)
September 11, 2014

Before:   McKEE, *Chief Judge*, SMITH and SHWARTZ, *Circuit Judges*

(Opinion Filed: December 12, 2015)
_____

OPINION∗
_____

McKEE, *Chief Judge*.

Raymond Zareck appeals his convictions and sentence for possession of a firearm

by a convicted felon and possession of a firearm and/or ammunition by an unlawful user

---

∗ This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

of a controlled substance.  For the reasons stated below, we will affirm the denial of the

motion to suppress, however, as conceded by the government, there was an error in the

sentence and we will vacate the sentence that was imposed.[1,2]

## I.

### A.  *Motion to Suppress*

Since the district court "base[d] its probable cause ruling on facts contained in

[the] affidavit, we exercise plenary review over the district court's decision."[3]  The

district court assessed whether the magistrate had a "'substantial basis'" for determining

if probable cause existed.[4]  A magistrate may issue a search warrant if "there is a fair

probability that contraband or evidence of a crime will be found in a particular place."[5]

Additionally, a magistrate is "'entitled to draw reasonable inferences about where

evidence is likely to be kept, based on the nature of the evidence and the type of

offense.'"[6]

Zareck admitted to disassembling explosive devices in his home.  He told the

police that explosive powder remained in his home and that he had not taken any safety

---

[1] This court has appellate jurisdiction pursuant to 28 U.S.C. § 1291.

[2] Zareck's claims that the district court erred in categorizing certain prior convictions as "serious drug offenses" for purposes of sentence enhancements and that the district court violated Zareck's Fifth and Sixth Amendment rights are meritless and need not be discussed.  *See United States v. Abbott*, 748 F.3d 154, 159–60 (3d Cir. 2014).  Zareck's Fifth and Sixth Amendment claims are foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998) and *United States v. Blair*, 734 F.3d 218, 226–29 (3d Cir. 2013).

[3] *United States v. Ritter*, 416 F.3d 256, 261 (3d Cir. 2005).

[4] *Id.* at 262 (quoting *Illinois v. Gates*, 462 U.S. 213, 236 (1983)).

[5] *United States v. Stearn*, 597 F.3d 540, 554 (3d Cir. 2010) (quoting *Gates*, 462 U.S. 238)).

[6] *United States v. Hodge*, 246 F.3d 301, 305–06 (3d Cir. 2001).

precautions to minimize the risk of fire or explosion. Experienced members of the bomb squad believed that this created a potential risk of an explosion and they urged police to obtain a search warrant for Zareck's residence to alleviate what they viewed as an obvious and immediate danger to the neighborhood. Thus, the magistrate clearly had a substantial basis for finding probable cause to issue the search warrant and Zareck's argument to the contrary is frivolous.

### B. Sentencing

To his credit and the credit of his office, Assistant United States Attorney Michael Leo Ivory appropriately concedes that the district court erred by imposing sentences for the violation of 18 U.S.C. § 922(g)(1) as well as § 922(g)(3). Though we have not yet resolved this particular issue, our sister circuit courts of appeals have unanimously found that although a defendant may be charged with violations of multiple subsections of 18 U.S.C. § 922(g), it is impermissible to impose separate sentences for each subsection of the statute based on a single incident of possession.[7]

Although we have authority pursuant to 28 U.S.C. § 2106 to modify the judgment of sentence on appeal, we think it more prudent to vacate the judgment of sentence and remand to the district court to allow that court to impose sentence on whichever subsection it deems appropriate. In *United States v. Parker*,[8] the Court of Appeals for the

---

[7] *See, e.g.*, *United States v. Parker*, 508 F.3d 434, 441 (7th Cir. 2007); *United States v. Richardson*, 439 F.3d 421, 422 (8th Cir. 2006) (examining precedent supporting the imposition of one sentence); *United States v. Shea*, 211 F.3d 658, 673 (1st Cir. 2000).
[8] 508 F.3d 434 (7th Cir. 2007). These cases are consistent with our view that it is impermissible to have multiple convictions for possession of a firearm and ammunition

Seventh Circuit vacated the judgment of sentence and remanded to the district court when the district judge imposed two sentences for Parker's possession of handgun as a felon and as an illegal drug user. [9] The court relied on *Ball v. United States*[10] when determining to vacate the sentence because "there, the Court held that a muliplicious conviction must be vacated *regardless* of whether an increased sentence or extra assessment was imposed, based on the stigma, impeachment potential, and effect on future sentencing or parole eligibility."[11]

Accordingly, we will vacate the judgment of sentence and remand for resentencing before the district court.

## II.

For the reasons expressed above, we will affirm the district court's denial of the motion to suppress and vacate the judgment of sentence and remand to the district court to determine the appropriate sentence.

---

under 18 U.S.C. § 922(g)(1) arising from for a single "incident" of possession. United States v. Tann, 577 F.3d 533, 537 (3d Cir. 2009).

[9] *Parker*, 508 F.3d at 441 .

[10] 470 U.S. 856 (1985).

[11] *Parker*, 508 F.3d at 441.