NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1215
_____

UNITED STATES OF AMERICA

v.

RAYMOND ZARECK,
                    Appellant

_____


On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court No. 2-09-cr-00168-001
District Judge: The Honorable Joy Flowers Conti

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 27, 2016

Before: AMBRO, SMITH, and FISHER, *Circuit Judges*

(Filed:  September 29, 2016)
_____

OPINION*
_____


SMITH, *Circuit Judge.*

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

A jury convicted Raymond Zareck of being (1) a felon in possession of a firearm and (2) a drug user or addict in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), (3) and 924(e)(1). After this Court vacated his initial sentence on a narrow legal error, the District Court conducted a limited resentencing and sentenced Zareck to 188 months in prison. This was the same sentence he received initially. Zareck now appeals his sentence for the second time. We will affirm.

## I. BACKGROUND

In April of 2009, police arrested Zareck after he sold drugs to a confidential informant as part of a controlled buy. During a subsequent search of Zareck's home, officers found a shotgun, ammunition, and a number of other incriminating items. Based on this, a federal grand jury indicted Zareck on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1),[1] and one count of being a drug user or addict in possession of a firearm, in violation of 18 U.S.C. § 922(g)(3). A jury convicted Zareck on both counts.

At sentencing, because Zareck had three previous convictions for "serious drug offense[s]" prior to committing the instant offense, the District Court concluded that he qualified as an armed career criminal under the Armed Career

Criminal Act (ACCA), thus triggering the fifteen-year mandatory minimum sentence under 18 U.S.C. § 924(e)(1). Consistent with § 4B1.4(b)(3)(B) of the United States Sentencing Guidelines (U.S.S.G.), the District Court therefore set Zareck's offense level at 33. It also relied on these previous drug convictions to calculate Zareck's criminal history category under U.S.S.G. § 4A1.1, resulting in a criminal history category of IV and an advisory Guidelines range of 188 to 235 months imprisonment. Based on this range, the Court sentenced Zareck to 188 months in prison on the § 922(g)(1) felon-in-possession count, and a concurrent 188 month sentence on the § 922(g)(3) drug-user-in-possession count.

Zareck then appealed his convictions and sentence to this Court, arguing that his previous state-court drug convictions did not qualify as "serious drug offenses" for purposes of his ACCA enhancement and that the District Court erred by imposing separate sentences for each of the § 922(g) convictions even though those convictions were based on the same conduct. The government conceded that it was error for the District Court to impose separate sentences for each of Zareck's convictions under § 922(g)(1) and (3). As for the first point, a panel of this Court summarily rejected Zareck's argument that his state-court convictions were not "serious drug offenses," calling this argument "meritless." *United States v. Zareck*,

---

[1] As alleged in the indictment, Zareck was previously convicted of several state-

3

588 F. App'x 100, 100 n.2 (3d Cir. 2014) (*Zareck I*). The panel vacated his sentence and remanded to the District Court to determine under which subpart of § 922(g) to impose sentence and to resentence Zareck accordingly. *Id.* at 101.

On remand, the District Court determined that the offense level (and therefore the Guidelines range) was the same under both counts. And because the panel in *Zareck I* had already considered and rejected Zareck's arguments regarding the treatment of his state-court convictions as predicate offenses for purposes of the ACCA enhancement, the District Court concluded that it did not need to give *de novo* consideration to these arguments. Instead, the Court on remand allowed Zareck to try to satisfy the standard for obtaining reconsideration by showing that relevant law has changed, by presenting previously unavailable evidence, or by demonstrating that manifest injustice would result absent reconsideration. Because he failed to meet this burden, it stayed with its original findings regarding Zareck's status as a career criminal under ACCA and again imposed a sentence of 188 months in prison solely on the § 922(g)(1) felon-in-possession count. Zareck then filed a timely notice of appeal.[2]

## II. ANALYSIS

court crimes punishable by imprisonment for a term exceeding one year.

4

On appeal (for the second time), Zareck raises two principal arguments. First, he claims it was error for the District Court to limit the scope of the resentencing to simply selecting the appropriate subpart of § 922(g) to sentence him under; instead, he argues that the Court should have conducted a *de novo* resentencing.[3] Second, he claims that the District Court erred by treating his state-court convictions as predicate offenses under ACCA. We address each argument in turn.

## A. Scope of Mandate for Resentencing

Zareck claims that, because the panel opinion in *Zareck I* did not specify whether his resentencing should be *de novo* or limited to only certain issues, the District Court should have conducted a *de novo* resentencing. We disagree.

In *United States v. Ciavarella*, 716 F.3d 705 (3d Cir. 2013), we explained that "[d]istrict courts should resentence *de novo* when an interdependent count of an aggregate sentence is vacated." *Id.* at 734 (citing *United States v. Davis*, 112 F.3d 118, 123 (3d Cir. 1997)). Counts are interdependent when they "result in an aggregate sentence, not sentences which may be treated discretely." *United States*

---

[2] The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

5

*v. Miller*, 594 F.3d 172, 180 (3d Cir. 2010). But when vacating a count of conviction does not "affect [the defendant's] total offense level, Guideline range, or sentence, . . . resentencing *de novo* is not required." *Ciavarella*, 716 F.3d at 735.

Zareck explicitly acknowledges that his initial sentence did not involve interdependent counts.[4] Nevertheless, he argues that vacating one of the two

---

[3] Whether the District Court erred by conducting a limited resentencing presents a legal question subject to plenary review. *See United States v. Diaz*, 639 F.3d 616, 619 (3d Cir. 2011).

[4] *Miller* and *Davis* provide examples of aggregate sentences involving interdependent counts. In *Miller*, the defendant was convicted of (among other crimes) one count of receiving child pornography and one count of possessing child pornography. 594 F.3d at 175-76. At sentencing, the district court grouped the two child pornography offenses together and used the count with the highest offense level (the receipt count) to determine the group's offense level in order to calculate the defendant's Guidelines range. *Id.* at 180-81. After we ordered the district court to vacate one of the defendant's child pornography counts on double jeopardy grounds, the district court vacated the receipt count and resentenced the defendant. *Id.* at 176. Because the counts were grouped at the initial sentencing, we concluded that the defendant's sentence was an aggregate sentence requiring *de novo* resentencing. *Id.* at 181.

Similarly, in *Davis*, the defendant was convicted of various drug offenses and of using a firearm in connection with a drug trafficking offense. 112 F.3d at 119. The drug counts and the firearm count were grouped at sentencing. After we vacated the defendant's firearm count and remanded for resentencing, the district court applied a sentencing enhancement (for possessing a firearm during a drug trafficking offense, *see* U.S.S.G. § 2D1.1(b)(1)) that the court previously was unable to apply because of the presence of the firearm count. We upheld the court's application of this enhancement after concluding that the defendant's initial sentence was an aggregate sentence involving interdependent counts. Thus, *de novo* resentencing was required. *Id.* at 121.

6

§ 922(g) counts "materially changed the picture before the [District] Court on resentencing." Appellant Br. 16. Besides this bare assertion, however, Zareck fails to explain *how* the "picture" looked any different upon resentencing – either in terms of the § 3553(a) factors or with reference to any other relevant metric – such that *de novo* resentencing was required. And, based on our own analysis, neither can we perceive any material change.

Zareck's reliance on the Supreme Court's decision in *Pepper v. United States*, 562 U.S. 476 (2011), is similarly unavailing. In *Pepper*, the Court held that a sentencing court must be permitted to consider evidence of post-sentencing rehabilitation when resentencing a defendant whose initial sentence has been overturned on appeal. *Id.* at 490. But Zareck did not attempt to present to the District Court any evidence that he has been rehabilitated since his initial sentencing. Nor does he claim on appeal that he *would have* presented such evidence had the District Court conducted a *de novo* resentencing.

We conclude, therefore, that the District Court did not err by limiting the scope of Zareck's resentencing to the issues for which this Court in *Zareck I* remanded for resentencing.

## B. State-court Convictions as Predicates under ACCA

7

Because we conclude that the District Court correctly limited the scope of Zareck's resentencing, and because *Zareck I* already considered and rejected Zareck's arguments regarding his eligibility for the ACCA enhancement based on his previous state-court drug convictions, *see Zareck I*, 588 F. App'x at 100 n.2, we review his ACCA arguments only to ensure that the prior determination was not so clearly erroneous as to result in manifest injustice. *In re City of Phila. Litig.*, 158 F.3d 711, 718 (3d Cir. 1998) ("[T]he [law of the case] doctrine does not preclude our reconsideration of previously decided issues in extraordinary circumstances such as where: (1) new evidence is available; (2) a supervening new law has been announced; or (3) the earlier decision was clearly erroneous and would create manifest injustice.").[5]

The first of Zareck's ACCA predicate convictions involved a pair of prescription drug sales to the same confidential informant that took place about a week apart back in 1988. Based on these, Zareck was charged with, and entered a plea of *nolo contendere* to, two counts of violating 35 Pa. Cons. Stat. § 780-113(a)(30), which prohibits "the manufacture, delivery, or possession with intent to

---

[5] Zareck does not claim that he has found previously unavailable evidence to support his arguments, nor that there has been any intervening change in the law since the Court in *Zareck I* rejected his career criminal arguments. Indeed, he explicitly relies solely on the "manifest injustice" exception to the law of the case doctrine.

manufacture or deliver, a controlled substance." His second conviction came after Zareck engaged in three prescription drug sales over the course of about six weeks later in 1988. Again, he was charged with multiple counts of violating 35 Pa. Cons. Stat. § 780-113(a)(30).[6] Again, he entered a plea of *nolo contendere* on all counts. Then, in 1990, Zareck was caught selling prescription drugs to an undercover agent. He was again charged with multiple counts of violating 35 Pa. Cons. Stat. § 780-113(a)(30), as well as several other state-law counts. This time, a jury convicted him.

Zareck first argues that these three state-court drug convictions cannot serve as three separate predicate offenses under ACCA because they were all "part of a larger course of conduct" and thus should have been treated as a single conviction for purposes of the ACCA enhancement. Appellant's Br. 22-23. Zareck is wrong. Per *United States v. Schoolcraft*, 879 F.2d 64 (3d Cir. 1989), we apply the "'separate episodes' test," *id.* at 74 (quoting *United States v. Towne*, 870 F.2d 880, 889 (2d Cir. 1989)), whereby "individual convictions may be counted for purposes of [the ACCA] sentencing enhancement so long as the criminal episodes underlying the convictions were distinct in time," *id.* at 73. Each of Zareck's state-

---

[6] Zareck was also charged with multiple counts of violating 35 Pa. Cons. Stat. § 780-113(a)(14), which criminalizes "[t]he administration, dispensing, delivery,

court convictions was based on different drug sales to different individuals, with months, if not years, separating each transaction. Thus, the District Court did not err – much less clearly so – in concluding that the convictions should be counted separately for ACCA purposes.

Zareck's next set of arguments centers on whether his state-court convictions constitute "serious drug offenses" under ACCA. As an initial matter, it is clear that a conviction under 35 Pa. Cons. Stat. § 780-113(a)(30) can serve as a predicate offense under ACCA, so long as the controlled substance at issue conviction carries with it a maximum sentence of at least ten years. *See United States v. Abbott*, 748 F.3d 154, 158-59 (3d Cir. 2014). On appeal, Zareck does not argue that the controlled substances for which he was convicted under this statute fail to meet this requirement. Thus, we cannot conclude that the District Court clearly erred in concluding that Zareck's convictions constituted "serious drug offenses" under ACCA.[7]

Nevertheless, Zareck claims that two of his three state-court convictions cannot count as ACCA predicates because they resulted from pleas of *nolo*

gift or prescription of any controlled substance by any practitioner or professional assistant under the practitioner's direction and supervision . . . ."

[7] According to the government, at least one of the § 780-113(a)(30) counts in each of Zareck's convictions was based on a controlled substance the maximum penalty

10

*contendere*. Unfortunately for Zareck, however, all that matters under ACCA is whether the defendant has "three previous *convictions*." 18 U.S.C. § 924(e)(1) (emphasis added). Under Pennsylvania law, any "adjudication of guilt" constitutes a "conviction" for purposes of § 924(e)(1), *United States v. Jefferson*, 88 F.3d 240, 243 (3d Cir. 1996), and a plea of *nolo contendere* appears to have the same legal effect as a guilty plea, *see Eisenberg v. Com., Dep't of Pub. Welfare*, 512 Pa. 181, 185 (1986) ("A plea of *nolo contendere*, when accepted by the court, is, in its effect upon the case, equivalent to a plea of guilty. . . . The judgment of conviction follows upon such plea as well as upon a plea of guilty." (quoting *Commonwealth v. Ferguson*, 44 Pa. Super. Ct. 626, 628 (1910))). Thus, Zareck cannot hide behind his *nolo contendere* pleas to contest his ACCA status.[8]

We conclude that the District Court did not clearly err in finding Zareck eligible for the sentencing enhancement under ACCA.

### III. CONCLUSION

---

for which is fifteen years. We need not confirm the accuracy of this information since Zareck does not challenge it on appeal.

[8] Finally, Zareck appears to argue that his convictions under § 780-113(a)(30) are invalid because he was a registered pharmacist at the time he committed the offenses. Whether Zareck is correct is of no moment at this stage; except in the narrowest of circumstances not applicable here, defendants facing a sentencing enhancement under ACCA are unable to collaterally attack the validity of their predicate state-court convictions. *Custis v. United States*, 511 U.S. 485, 487 (1994).

11

We will uphold the District Court's judgment of conviction and sentence.