**UNITED STATES of America**

v.

**Shawn BROWN, Appellant.**

**No. 07–4450.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit L.A.R. 34.1(a) May 13, 2010.

Filed: June 30, 2010.

Michael J. Bresnick, Esq., Robert A. Zauzmer, Esq., Office of United States Attorney, Philadelphia, PA, for United States of America.

William R. Spade, Jr., Esq., Philadelphia, PA, for Appellant.

Before: BARRY, WEIS and ROTH, Circuit Judges.

## OPINION

WEIS, Circuit Judge.

A jury found defendant guilty of possession of cocaine with intent to distribute, use of a firearm during and in relation to a drug trafficking crime, and possession of a firearm by a convicted felon. After his initial sentence was vacated on appeal, the District Court reduced the prison term imposed for two of the counts and increased the penalty for the third. Defendant now challenges the amended sentence as "vindictive," although the total term of imprisonment of 420 months did not change. We will affirm.

On February 14, 2004, two police officers conducting rooftop surveillance spotted defendant selling what appeared to be narcotics in an automobile parked on the street. Defendant caught sight of the officers and fired two shots toward the roof, causing the police to take cover and call for backup. When the backup team arrived and converged on defendant, he sped off in his car, firing at the police several times before crashing head-on into one of their vehicles. Following a brief struggle, the officers subdued and searched defendant, finding 23 grams of cocaine in 58 plastic bags.

After the jury returned its guilty verdict, the District Court sentenced defendant to 420 months in prison. Defendant appealed, arguing that the Court improperly enhanced his sentence under 18 U.S.C. § 924(e) and imposed a term for one of the counts that exceeded the statutory maximum. We agreed and remanded for re-sentencing.

On remand, the District Court decreased the original sentence for Counts One and Three (possession of cocaine with intent to distribute and possession of a firearm by a convicted felon) from a total of 300 months to a total of 240 months. The Court also increased the sentence for Count Two (use of a firearm during and in retaliation to a drug trafficking crime) from 120 months to 180 months, running consecutively to the 240–month term.

Defendant now argues that the District Court violated the rule set forth in *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2089, 23 L.Ed.2d 656 (1969), by failing to cite legitimate reasons for increasing the sentence imposed for Count Two. However, *Pearce* is inapplicable where an amended sentence "do[es] not exceed the total length of [the] original sentence" and there is "no evidence of vindictiveness on the part of the sentencing court." *United States v. Murray*, 144 F.3d 270, 275 (3d Cir.1998); *see also United States v. Davis*, 112 F.3d 118, 122 (3d Cir.1997) ("sentencing package doctrine" permits judge to "reconstruct the sentencing architecture upon remand ... to ensure that the punishment still fits both crime and criminal" (quoting *United States v. Pimienta–Redondo*, 874 F.2d 9, 14 (1st Cir.1989))).

█ Our review of the record reveals no evidence of vindictiveness on the part of

the District Court. The sentencing judge explained that the lengthy sentence was "necessary to act as a deterrent" given the defendant's long and violent criminal history; his lack of "respect for the law, for the lives of police officers[,] or the citizens of Philadelphia[;]" and his lack of contrition. We reject the defendant's first claim of error.

Defendant also contends that his amended sentence is greater than necessary to satisfy the goals of 18 U.S.C. § 3553(a)(2) and, therefore, violates the overarching provision of that statute because the Court did not adequately consider his post-conviction rehabilitation. However, while the district judge did recognize—and commended defendant for—those rehabilitative efforts, he found that they were "not ... extraordinary" and thus did not "warrant[ ] a departure under the ... Sentencing Guidelines."[1] We find no abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007) ("appellate court must review the sentence under an abuse-of-discretion standard").

Finally, defendant argues that the District Court violated his right to trial by jury by making factual findings as to the nature of his prior convictions that served to enhance his sentence. Such an argument was raised and rejected in *United States v. Grier*, 475 F.3d 556 (3d Cir.2007) (en banc). We need not revisit that discussion here.

Accordingly, the Judgment of the District Court will be affirmed.

---

1. We lack jurisdiction to review the District Court's denial of the motion for downward departure. *See United States v. Stevens*, 223 F.3d 239, 247 (3d Cir.2000) ("if the district court ... exercise[d][its] discretion [in denying motion for downward departure], we lack jurisdiction").