NOT PRECEDENTIAL

**CLD-242**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2046
_____

UNITED STATES OF AMERICA

v.

SHAWN BROWN,
a/k/a Kenneth Jenkins,
　　　　　　　　　　Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:04-cr-00532-001)
District Judge: Honorable Harvey Bartle, III

_____

Submitted on Appellee's motion for summary action
pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
on September 15, 2022

Before: AMBRO, SHWARTZ, and BIBAS, Circuit Judges

(Opinion filed: September 26, 2022)

_____

_____

OPINION[*]

_____

**PER CURIAM**

Shawn Brown appeals pro se from the District Court's denial of his motion for compassionate release. The Government has filed a motion for summary action. For the reasons that follow, we grant the Government's motion and will summarily affirm the District Court's judgment.

In 2005, after a jury trial in the District Court for the Eastern District of Pennsylvania, Brown was convicted of a narcotics offense and two related firearms offenses. On direct appeal, Brown succeeded in vacating his sentence but was ultimately resentenced to 35 years' imprisonment. We affirmed that sentence when Brown appealed for a second time. See United States v. Brown, 385 F. App'x 147, 148 (3d Cir. 2010).

In February 2022, Brown filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) based on his fear of contracting COVID-19 in prison. He argued that the District Court should resentence and release him because he suffers from hypothyroidism and Graves' disease, which place him at a higher risk of severe illness if he contracted COVID-19. He indicated that he had been fully vaccinated against COVID-19 and had received a booster shot of the vaccine.

In May 2022, the District Court denied his motion. It concluded that Brown had not

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

established any extraordinary and compelling reason for release. Brown timely appealed, and the Government has moved for summary affirmance.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's decision for abuse of discretion and "will not disturb [that] decision unless there is a definite and firm conviction that [the District Court] committed a clear error of judgment." See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020) (internal quotation marks and citation omitted). We may summarily affirm a district court's decision if the appeal fails to present a substantial question. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

We grant the Government's motion for summary action. The compassionate-release provision states that a district court "may reduce the term of imprisonment" and "impose a term of probation or supervised release" if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

We discern no abuse of discretion in the District Court's conclusion that Brown did not present extraordinary and compelling reasons to warrant compassionate release.[1] The District Court appropriately noted that the Centers for Disease Control and Prevention have not identified either hypothyroidism or Graves' disease as possibly placing individuals at an increased risk of severe complications related to a COVID-19 infection. Further, as the District Court indicated, because Brown has been fully vaccinated against COVID-19 and has received a booster, his overall risk of developing serious complications from the virus

---

[1] Based on this conclusion, we need not address whether Brown met any "factors [for release] set forth in [18 U.S.C. §] 3553(a)." See 18 U.S.C. § 3582(c)(1)(A).

3

has significantly decreased.  See United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release.").  Under these circumstances, we cannot conclude that the District Court committed a clear error of judgment in denying Brown's motion.[2]  See Pawlowski, 967 F.3d at 330.

For these reasons, we will summarily affirm the District Court's judgment.[3]

---

[2]  In his appellate brief, Brown argues that the District Court erred in failing to consider the § 3553(a) sentencing factors in determining whether he was eligible for compassionate release.  However, because the District Court did not reach that question, there was no need to address those factors.  Brown also argues that the District Court did not consider whether the autoimmune nature of his conditions makes him immunocompromised, but he submitted no support, either in the District Court or in this Court, to show that either condition renders him immunocompromised for purposes of COVID-19 susceptibility or his risk of severe illness from contracting COVID-19.

[3]  The Government's request to be excused from filing a brief is granted.  Although the Government also seeks leave to file its summary-affirmance motion out of time, that request is denied as unnecessary because the motion was timely filed.  See 3d Cir. L.A.R. 27.4(b).  Brown's motion for remand is denied.  To the extent that Brown asks us to consider a recently-diagnosed medical condition in evaluating the District Court's decision, he cannot raise issues for the first time on appeal.  See Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 88 n.12 (3d Cir. 2013).  He is free to raise this issue in a future motion for compassionate release before the District Court.  We express no opinion on the merits of such a motion.